UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

ex rel. Robert J. Cabral,

Plaintiff-Relator,

v.

WEST SUBURBAN EYE SURGERY CENTER, LLC;

PRATT OPHTHALMOLOGY ASSOCIATES, INC.;

NEW ENGLAND EYE CENTER;

TUFTS MEDICAL CENTER, INC.;

TUFTS MEDICAL CENTER

PHYSICIANS ORGANIZATION, INC.;

HELEN WU, M.D.;

JAY DUKER, M.D.;

Defendants.

Civil Action No.:

**COMPLAINT**

(Filed in Camera and Under Seal Pursuant to 31 U.S.C. § 3730(b)(2))

Plaintiff-Relator Robert Cabral, by and through his undersigned counsel, files this qui tam action on behalf of the United States of America against Defendants West Suburban Eye Surgery Center, LLC; Pratt Ophthalmology Associates, Inc.; New England Eye Center; Tufts Medical

Center, Inc.; Tufts Medical Center Physicians Organization, Inc.; Dr. Helen Wu, M.D.; and Jay Duker, M.D. (collectively, "Defendants"), alleging as follows:

## INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants, in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733.  Jay Duker, MD ("Dr. Duker") as the owner of Pratt Ophthalmology Associates, Inc., which has a financial interest in Surgisite, used his position as chairman of New England Eye Center to direct his employee ophthalmologists to perform their surgeries at Surgisite, thus ensuring financial gain for himself.  From the 30(b)(6) deposition of Surgisite, it was revealed that Dr. Duker had a substantial financial interest in Surgisite.  As Chairman of the Department of Ophthalmology at Tufts Medical Center, Dr. Duker owned Pratt Ophthalmology Associates, Inc., which had a percentage ownership in Surgisite.  Dr. Duker requested Dr. Helen Wu to promote the astigmatism vision upgrade to patients, including Relator Robert J. Cabral, to increase the profitability of his entities at the expense of the patients, who were not informed about the kick-back scheme.

## PARTIES

2. Plaintiff-Relator Robert Cabral ("Relator" or "Mr. Cabral") is a citizen of the United States and a resident of Massachusetts.  Relator brings this action based on information obtained during the course of his medical malpractice lawsuit, Cabral v. Tufts Medical

Center, et.al. CA No. 2081CV01495 (hereinafter the Superior Court action") and personal experiences.

3. Defendant West Suburban Eye Surgery Center, LLC (hereinafter "Surgisite") is a limited liability company organized and existing under the laws of Massachusetts, with its principal place of business located in Waltham, Massachusetts

4. Defendant Pratt Ophthalmology Associates, Inc. (hereinafter "Pratt OA") is a corporation organized and existing under the laws of Massachusetts, with its principal place of business located in Massachusetts.

5. Defendant New England Eye Center (hereinafter "NEEC") is a medical center located in Boston, Massachusetts.

6. Defendant Tufts Medical Center, Inc. (hereinafter "Tufts") is a corporation organized and existing under the laws of Massachusetts, with its principal place of business located in Boston, Massachusetts.

7. Defendant Tufts Medical Center Physicians Organization, Inc. (hereinafter "Physicians Organization") is a corporation organized and existing under the laws of Massachusetts, with its principal place of business located in Boston, Massachusetts.

8. Defendant Helen Wu, M.D. (hereinafter "Dr. Wu") is an ophthalmologist employed by Physicians Organization and resides in Massachusetts.

9. Defendant Jay Duker, M.D. (hereinafter "Dr. Duker") is the chairman of NEEC, the owner of Pratt OA and resides in Weston, Massachusetts is the chairman of the Department of Ophthalmology at Tufts Medical Center during the time of the facts in this Complaint.  Dr. Duker oversaw and directed the Department of Ophthalmology, which was under the umbrella of co-defendants, Tufts, Physicians Organization and NEEC.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims brought under the False Claims Act pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331.

11. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants transact business in this District and many of the acts forming the basis of this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

12. On November 30, 2023, during her deposition in Mr. Cabral v. Tufts, et al., CA No. 2081CV01495, Defendant Dr. Wu disclosed under oath that the Defendant, Dr. Duker had a financial interest in Surgisite and directed Tufts and Physicians Organization's physicians to perform their surgical procedures at Surgisite without informing patients of this conflict of interest. Dr. Wu specifically testified: "I was told to bring patients there." See Selections of Dr. Wu's Deposition, page 97, lines 12-20, attached as Exhibit 1.

13. Dr. Duker, as the owner of Pratt OA, which has a financial interest in Surgisite, used his position as chairman of NEEC to direct his employee ophthalmologists to perform their surgeries at Surgisite, thus ensuring financial gain for himself.

14. On December 12, 2023, Laura Kwei (hereinafter "Ms. Kwei"), a representative of Surgisite was deposed. See Selections of Ms. Kwei's Deposition, attached as Exhibit 2. As Chairman of the Department of Ophthalmology at Tufts Medical Center, Dr. Duker owned Pratt OA which had a 20% ownership in Surgisite. Id., page 18, line 9, 13. Ms. Kwei revealed that Dr. Duker had a substantial financial interest in Surgisite. Id., page 74, line 1. In 2017, Dr. Duker was part owner of Surgisite. Id., page 75, line 8.

15. On December 12, 2023, during the deposition of Ms. Kwei testified that Dr. Duker was the head of Pratt OA and that Pratt OA had a 20% financial interest in Surgisite. Id., pages 16-17.

16. Dr. Wu, as well as the other co-defendants, were complicit in following Dr. Duker's orders to bring surgical patients to Surgisite, thereby participating in the scheme to increase the profitability of Dr. Duker's entities without informing patients of the conflict of interest and potential kick-back scheme.

17. Mr. Cabral endorsed the Astigmatism Vision Upgrade (hereinafter "AVU agreement"), attached as Exhibit 3.

18. AVU agreement provided Mr. Cabral ninety (90) days of post-operative care. Id.

19. AVU agreement afforded Mr. Cabral with a toric lens not covered by his insurer including the use of Femtosecond laser and other specialized equipment at Surgisite.

20. On November 01, 2017 and on November 08, 2017, Tufts charged Mr. Cabral's insured for post-operative care following his October 31, 2017 cataract surgery.

21. Mr. Cabral and his insurer paid Tufts for the post-operative care.

22. Mr. Cabral paid twice for his post-operative care to the Defendants.

23. Tufts' billing recorded certified on or about May 02, 2024 confirm charges to Mr. Cabral for his November 01, 2017 and his November 08, 2017 post-operative care.

24. Mr. Cabral and his insured paid Tufts for his November 08, 2017 post-operative care.

25. Mr. Cabral paid $2,795 for the AVU agreement which included post-operative care.

26. Mr. Cabral paid for a toric lens as provided for in the AVU agreement.

27. The Defendants issued various reimbursement checks for thousands of dollars, which Mr. Cabral received after filing the Superior Court action.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF THE FALSE CLAIMS ACT

28. Plaintiff-Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

29. By virtue of the acts described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the United States Government in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

30. The False Claims Act imposes liability on any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval to the United States Government United States ex rel. Crennen v. Dell Mktg. L.P., 711 F. Supp. 2d 157. 31 U.S.C. § 3729(a)(1)(A) United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctrs., 540 F. Supp. 3d 103.

31. Defendants knowingly caused the submission of false claims to Medicare by directing surgeries to Surgisite without disclosing financial interests, thereby violating the FCA Massachusetts v. Schering-Plough Corp., 2011 U.S. Dist. LEXIS 108650.

32. By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

33. As a result of Defendants' unlawful conduct, the United States has suffered damages and is entitled to recover treble damages plus a civil penalty for each false claim.

## COUNT II: VIOLATION OF THE ANTI-KICKBACK STATUTE

34. Plaintiff-Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35. The Anti-Kickback Statute (hereinafter "AKS") makes it illegal to knowingly and willfully pay remuneration to induce a person to use or recommend any item or service for which payment may be made under a Federal health care program Elliott-Lewis v. Abbott Labs., Inc., 2016 U.S. Dist. LEXIS 191026. 42 U.S.C. § 1320a-7b(b)(2) Elliott-Lewis v. Abbott Labs., Inc., 2016 U.S. Dist. LEXIS 191026.

36. Compliance with the AKS is a precondition of Medicare and Medicaid payment, and liability has been found when a defendant falsely certified compliance with the AKS Elliott-Lewis v. Abbott Labs., Inc., 2016 U.S. Dist. LEXIS 191026.

37. Defendants violated the AKS by directing surgeries to Surgisite and promoting vision upgrades without disclosing financial interests Massachusetts v. Schering-Plough Corp., 2011 U.S. Dist. LEXIS 108650.

38. As a result of Defendants' unlawful conduct, the United States has suffered damages.

## COUNT III: FAILURE TO DISCLOSE FINANCIAL INTERESTS

39. Plaintiff-Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

40. Physicians have a duty to disclose any financial interest in the treatment if that information would be material to a reasonable person in the patient's position Ward v. Schaefer, 2021 U.S. Dist. LEXIS 60736.

41. Dr. Duker, and other co-defendants, failed to disclose his financial interest in Surgisite and the vision upgrade promotion, which is a material fact that would have influenced patients' decisions <u>Ward v. Schaefer, 2021 U.S. Dist. LEXIS 60736</u>.

42. As a result of Defendants' unlawful conduct, the United States has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Relator Robert J. Cabral, on behalf of the United States of America, requests that judgment be entered in his favor and against Defendants as follows:

A. That Defendants be ordered to cease and desist from violating the False Claims Act;

B. That Defendants be ordered to pay not less than $5,000 and not more than $10,000 for each violation of 31 U.S.C. § 3729, plus three times the amount of damages the United States has sustained because of Defendants' actions;

C. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

D. That Relator be awarded all costs and expenses of this action, including attorneys' fees; and

E. That the United States and Relator receive all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Relator demands a trial by jury on all claims so triable.

Respectfully submitted,

/s/ Adam P. Beck, M.D., Esq.

BBO # 680913

102 Osgood St.

Andover, MA 01810

Tel: 978.807.3202

ATTORNEY FOR RELATOR
Robert J. Cabral

Date: July 11, 2024